UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

REGINALD DORRAN PICKETT, SR.,

        Plaintiff,

  v.

SANTANDER CONSUMER USA,

        Defendant.

Case No. 21-cv-1272-pp

**ORDER DENYING WITHOUT PREJUDICE PLAINTIFF'S MOTION TO PROCEED WITHOUT PREPAYING FILING FEE (DKT. NO. 2), GRANTING DEFENDANT'S MOTION TO DISMISS (DKT. NO. 3) AND DISMISSING CASE**

On November 3, 2021, the plaintiff, who is proceeding without a lawyer, filed a complaint against Santander Consumer USA. Dkt. No. 1. The plaintiff filed a motion to proceed without prepaying the filing fee, dkt. no. 2, and the defendant subsequently filed a motion to dismiss the complaint under Rule 12(b)(6), dkt. no. 3.

I. **Plaintiff's Motion to Proceed Without Prepaying the Filing Fee (Dkt. No. 2)**

To allow a plaintiff to proceed without prepaying the filing fee, the court first must decide whether he is able to pay the fee; if not, it must determine whether the lawsuit is frivolous, malicious, or fails to state a claim upon which relief can be granted. 28 U.S.C. §§1915(a) and 1915(e)(2)(B)(i). The plaintiff indicates that he is employed by First Student School Bus, earning $2,000 per month, and that he receives $857 per month from Social Security. Dkt. No. 2

1

at 2. He says that his monthly expenses total $25,000 but that number seems to include his car, which he values at $20,000 and, according to the allegations of the complaint, appears to have been repossessed. Id. at 2-3. The remainder of his expenses total $1,671 per month, so it is not clear to the court how he calculated his expenses. Id. at 2. Because the affidavit is incomplete, the court will deny without prejudice the plaintiff's motion to proceed without prepaying the filing fee.

Because the plaintiff has filed several cases in this district, he should be aware that a litigant owes the filing fee even when the court grants a motion to proceed without prepaying the fee. Every person whom a court allows to proceed without prepaying the filing fee is "liable for the full fees," because "all [28 U.S.C.] § 1915(a) does for any litigant is excuse the *pre*-payment of fees." Robbins v. Switzer, 104 F.3d 895, 898 (7th Cir. 1997) (original emphasis); see also Rosas v. Roman Catholic Archdiocese of Chi., 748 F. App'x 64, 65 (7th Cir. 2019) ("Under 28 U.S.C. § 1915(a), a district court may allow a litigant to proceed 'without prepayment of fees,' but not without ever paying fees.").

## II.  Defendant's Motion to Dismiss (Dkt. No. 3)

### A.  Legal Standard

The defendant filed its motion under Federal Rule of Civil Procedure 12(b)(6). A motion to dismiss under Rule 12(b)(6) challenges the sufficiency of the complaint rather than the merits. Fed. R. Civ. P. 12(b)(6); see Skinner v. Switzer, 562 U.S. 521, 529–30 (2011). The court accepts as true all well-pleaded facts in the plaintiff's complaint and draws all reasonable inferences

2

from those facts in the plaintiff's favor. Roberts v. City of Chi., 817 F.3d 561, 564 (7th Cir. 2016). The Seventh Circuit has held that a motion to dismiss under Rule 12(b)(6) cannot be granted on the sole basis that it is unopposed. Marcure v. Lynn, 992 F.3d 625, 631 (7th Cir. 2021). To the extent that the defendant raises affirmative defenses (in this case, collateral estoppel and *res judicata*), such arguments are typically raised in a Rule 12(c) motion.

When ruling on a Rule 12(b)(6) motion, the court can review only "the complaint itself, documents attached to the complaint, documents that are critical to the complaint and referred to in it, and information that is subject to proper judicial notice." Kuebler v. Vectren Corp., 13 F.4th 631, 636 (7th Cir. 2021) (citation omitted). Under Federal Rule of Evidence 201, a court may take judicial notice of facts (1) generally known within the jurisdiction or (2) capable of being accurately and readily determined from sources whose accuracy cannot reasonably be questioned. Fed. R. Evid. 201(b).

B. Background

The defendant has asked the court to take judicial notice of the plaintiff's underlying bankruptcy proceeding. The court has considered the judicial records that are publicly available on the bankruptcy docket; those records are critical to the plaintiff's allegations and the plaintiff referred to the bankruptcy in his complaint. Dkt. No. 1. On July 29, 2021, the plaintiff filed a Chapter 7 petition in the United States District Court for the Eastern District of Wisconsin. *In re* Reginald Dorran Pickett, Sr., Case No. 21-24243-beh. On August 4, 2021, the defendant filed a motion for relief from stay as to a 2017

3

Chevrolet Impala, VIN number 2G1105S34H9107264. Id. at Dkt. 9. Along with the motion, the defendant filed a Retail Installment Contract that the plaintiff had executed on December 1, 2020, to purchase a used 2017 Chevrolet Impala. Id. at Dkt. No. 9-1. The defendant explained in the motion that it had repossessed the vehicle on July 29, 2021, without knowledge of the bankruptcy filing because the petition was not entered on the docket until July 30, 2021. Id. at Dkt. No. 9. The plaintiff filed an objection to the motion for relief from stay on August 18, 2021. Id. at Dkt. No. 20.

On August 31, 2021, Bankruptcy Judge Beth Hanan conducted a hearing on the defendant's motion and granted it. Id. at Dkt. Nos. 30, 31. The court entered the order on September 8, 2021, modifying the stay to permit the defendant to "exercise its rights and remedies with respect to the Collateral under the loan documents and applicable nonbankruptcy law." Id. at Dkt. No. 39. The stay was annulled for "any actions taking place as to the Collateral prior to the entry of the bankruptcy filing on the Court docket." Id.

On September 2, 2021, the plaintiff filed an appeal from the August 31, 2021 decision. Pickett v. Santander Consumer USA, Inc., Case No. 21-cv-1034 (E.D. Wis.), Dkt. No. 1 at 1. He did not identify the basis for the appeal other than to state that he was appealing Judge Hanan's order. Id. On November 9, 2021, after he paid the filing fee and the Clerk of Court issued the briefing letter, the plaintiff filed a request to dismiss, asking to "cancel" his appeal and explaining that he was "Resumeing in Court with a Complaint Filed in Regards of Santander Neglect to Follow the Bankruptcy Rules under Federal Law." Id. at

4

Dkt. No. 7. Consistent with the plaintiff's request, the clerk closed the case under Rule 41(a) of the Federal Rules of Civil Procedure.

Meanwhile, on November 3, 2021, the plaintiff filed this case. Dkt. No. 1. The plaintiff's statement of claim reads as follows:

> Santander Consumer USA violated rights by repossessing my car when bankruptcy was filed. The defendant Santander violated the federal bankruptcy laws repossessing a vehicle during bankruptcy proceedings and during that violation the defendant Santander did not give the proper 14 day notice of repossession of goods.

Id. at 2. In the grounds for relief section, the plaintiff asks for $20,000 for the alleged violation of bankruptcy laws and an order awarding him possession of the 2017 Chevy Impala. Id. at 4.

The bankruptcy court closed the Chapter 7 case on February 7, 2022. Case No. 21-24243-beh, Dkt. No. 63.

### C.  Defendant's Arguments

The defendant argues that the complaint is barred by the doctrines of collateral estoppel and *res judicata* because the United States Bankruptcy Court for the Eastern District of Wisconsin issued an order on September 8, 2021, granting the defendant relief from the automatic stay. Dkt. No. 4 at 1. The order, which is attached to the defendant's brief in support and publicly available on the docket, states that (1) "the stay of 11 U.S.C. §362(a) is modified to permit [Santander Consumer] to exercise its rights and remedies with respect to the collateral under its loan documents and applicable nonbankruptcy law" and (2) "the stay of 11 U.S.C. §362(a) is annulled for any actions taking place as to the Collateral prior to the entry of the bankruptcy

5

filing on the Court docket." Dkt. No. 4-3 at 2. The defendant argues that the plaintiff should have appealed the bankruptcy court's September 8, 2021 order rather than filing a separate lawsuit. Dkt. No. 4 at 7.

D. Analysis

The filing of a bankruptcy petition operates as a stay to prevent creditors from taking any collection actions for pre-petition debts against the debtor or the debtor's estate. 11 U.S.C. §362(a). Section 362(k) allows parties to seek damages for a willful violation of an automatic stay. 11 U.S.C. §362(k). A bankruptcy court has the power to "grant relief from the stay . . . such as by terminating, annulling, modifying, or conditioning such stay." 11 U.S.C. §362(d). That is what happened in this case. The defendant filed a motion for relief from the stay; the bankruptcy court granted the motion and annulled the stay "for actions taking place as to the Collateral prior to the entry of the bankruptcy filing on the Court docket." The plaintiff's recourse was to appeal the order granting the motion for relief from the stay. The plaintiff appears to have been aware of this; he asked the bankruptcy court during the hearing how long he had to file an appeal. Case No. 21-24243, Dkt. No. 29. The plaintiff timely filed a bankruptcy appeal. Case No. 21-cv-1034. He paid the filing fee associated with that appeal, id. at docket entry of October 6, 2022, but then asked the court to voluntarily dismiss the appeal before briefing or an appearance by the defendant, id. at dkt. no. 7.

There are circumstances where a district court will hear a §362(k) violation of the automatic stay arising under Title II. Potter v. Newkirk, 802 F.

6

App'x. 696, 698 (3rd Cir. 2020). That typically occurs where the bankruptcy court has not annulled or modified the stay. In Potter, the debtors filed a Chapter 7 bankruptcy petition and the bankruptcy court granted the trustee's motion to compel the debtors to vacate the property. Id. The day before the scheduled eviction, the debtor filed a Chapter 13 bankruptcy petition. The debtor was evicted the next day. Id. Six years later the debtors filed a civil action alleging that the defendants had violated the automatic bankruptcy stay by evicting them from property that was part of the Chapter 13 estate. Id. The district court dismissed for lack of subject matter jurisdiction after concluding that any claim for a willful violation of the automatic stay fell within the exclusive jurisdiction of the bankruptcy court. Id. In concluding that it had subject matter jurisdiction, the Third Circuit noted that if the debtors had filed the petition in bad faith to thwart the orders, the court could "retroactively ratify violations of the automatic stay by annulling the stay." Id.

In this case, the defendant properly asked the bankruptcy court to lift and annul the automatic stay. Case No. 21-24243 at Dkt. No. 9. The plaintiff filed an objection to the motion, appeared at the hearing, disputed the timing of the repossession and asked to keep the car. Id. at Dkt. Nos. 20, 29. The bankruptcy court found that the plaintiff had filed no statement of intent in the time allowed by statute and concluded that without that filing, there was no stay as to that property under §362(h). Id. at Dkt. No. 29. In ruling, the bankruptcy court cited §521(a)(2), which, in conjunction with §362(h), requires a debtor to (1) file a statement of intention "with respect to the retention or

7

surrender of such property and, if applicable, specifying that such property is claimed as exempt, that the debtor intends to redeem such property, or that the debtor intends to reaffirm debts secured by such property" at a point no later than thirty days after the debtor's case is filed, and (2) "perform" his intention within thirty days after the first date of the meeting of creditors. 11 U.S.C. §521(a)(2). Failure to do so results in the termination of the automatic stay as to personal property, which then ceases to be property of the debtor's bankruptcy estate. 11 U.S.C. §362(h)(1).

The plaintiff cannot use a district court lawsuit to collaterally attack the bankruptcy court's decision to lift and annul the stay—if he disagreed with the bankruptcy court's ruling, his remedy was to appeal and make his arguments to the appellate court. Granted, appeals from bankruptcy court decisions are heard by the district court unless the appellant files a direct appeal to the Seventh Circuit. But the appeal process is the way a party who is dissatisfied with a bankruptcy court's decision brings the dispute before the district court. There are specific procedures that parties must follow in an appeal; the plaintiff has not followed those procedures. The plaintiff cannot bring this claim seeking damages for the alleged violation of an automatic stay—where the bankruptcy court determined that there was no stay in place—as a separate civil case.

Fed. R. Civ. P. 15(a) says that courts should freely grant leave to amend a complaint when justice so requires. This is especially true when the court finds that the original complaint must be dismissed; "[u]nless it is certain from the face of the complaint that any amendment would be futile or otherwise

8

unwarranted, the district court should grant leave to amend after granting a motion to dismiss." Barry Aviation, Inc. v. Land O'Lakes Mun. Airport Comm'n, 377 F.3d 682, 687 (7th Cir. 2004). But it is clear that it would be futile for the plaintiff to amend the complaint. He is attempting to challenge a bankruptcy court's ruling without appealing. He did not oppose the motion to dismiss. The only fact he has alleged is the violation of the automatic stay. He has alleged no other basis for the district court to exercise jurisdiction. The court will not give the plaintiff the opportunity to amend the complaint.

**III. Conclusion**

The court **DENIES WITHOUT PREJUDICE** the plaintiff's motion for leave to proceed without prepaying the filing fees. Dkt. No. 2.

The court **GRANTS** the defendant's motion to dismiss, dkt. no. 3, and **ORDERS** that this case is dismissed. The clerk will enter judgment accordingly.

Dated in Milwaukee, Wisconsin this 24th day of May, 2022.

BY THE COURT:

_____
**HON. PAMELA PEPPER**
**Chief United States District Judge**